

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00070-CV
_____

IN RE CITY OF LUBBOCK, RELATOR

ORIGINAL PROCEEDING

February 14, 2023

## MEMORANDUM OPINION ON REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

On September 2, 2021, this Court denied the City of Lubbock's petition for writ of mandamus requesting that we set aside the trial court's *Order on Amended Ex Parte Motion for Inspection and Release of LPD Records.* *See In re City of Lubbock*, No. 07-21-00070-CV, 2021 Tex. App. LEXIS 7394, at *18 (Tex. App.—Amarillo Sep. 2, 2021, orig. proceeding) (mem. op.).  Subsequently, the City of Lubbock petitioned the Court of Criminal Appeals to grant a writ of mandamus against this Court.  The Court of Criminal Appeals held that *ex parte* communications with a trial court regarding matters pending before the court require express authorization and there was none in this matter.  *See In re City of Lubbock*, No. WR-93,137-01, 2023 Tex. Crim. App. LEXIS 60, at *30 (Tex. Crim.

App. Feb. 8, 2023). Pursuant to this finding, the Court of Criminal Appeals conditionally granted the City of Lubbock's application for mandamus against this Court. In its opinion, the Court of Criminal Appeals stated, "[t]he writ of mandamus will issue only in the event that the court of appeals fails to comply with this opinion." *Id.*

In accordance with the holding of the Court of Criminal Appeals, we hereby withdraw and vacate our opinion and judgment dated September 2, 2021, which denied the City of Lubbock's petition for writ of mandamus. Accordingly, we conditionally grant mandamus directing the trial court to vacate its *Order on Amended Ex Parte Motion for In-Camera Inspection and Release of LPD Records* dated April 1, 2021 and our writ of mandamus will issue only if the respondent fails to comply with the directive of this Court.

Per Curiam